Matter of the Application of WILLIAM D. CARNES for a Writ of Mandamus to JOHN H. FINLEY, as Commissioner of Education of the State of New York.

(Supreme Court, Albany Special Term, January, 1917.)

Statutes — statutory authority — courts will not interfere with rules of regents of University of New York relating to diplomas — Education Law, § 73 — Laws of 1913, chap. 292.

Mandamus — application for writ of — when denied.

The courts will not examine into the wisdom or reasonableness of a rule of the regents of the university relating to college entrance diplomas adopted pursuant to statutory authority and not in conflict therewith.

Section 339-f of the rules of the regents of the university made May 18, 1916, pursuant to section 73 of the Education Law, added by chapter 292 of the Laws of 1913, relating to college entrance diplomas and providing that they " will be given only to pupils of the registered secondary schools of this state who make written application for such diplomas by the fifteenth of the month of July, next succeeding the completion * * * of at least four full school years of time " who have earned under regents' examinations the average standing required by the rule, has the force of a statute.

Where on the hearing of an application for a peremptory writ of mandamus to compel the state commissioner of education to determine whether petitioner's infant daughter was entitled to a college entrance diploma under the regents' rules during the school year ending August 1, 1916, and to cause her name to be included in the list of candidates for university scholarships, it appears that her average standing on graduation from the Watertown High School though it qualified her for admission to college, that was insufficient to entitle her to a state scholarship, and, as she did not make a written application for a college entrance diploma within the time limit of said rule 339-f, the writ must be denied, without costs.

APPLICATION for a peremptory writ of mandamus.

William S. Ward (John N. Carlisle, of counsel), for petitioner.

Frank B. Gilbert, for respondent.

CHESTER, J.   The petitioner seeks a peremptory writ of mandamus against the state commissioner of education to compel him to determine the relative standing of his daughter, Frances E. Carnes, an infant, as a pupil of the Watertown High School, from the records of the education department, and if it shall appear from such records that she is entitled to a college entrance diploma under regents' rules during the school year preceding August 1, 1916, to cause her name to be included in the list of candidates for university scholarships and to award her such scholarship if her standing on such list entitles her thereto.

The defense is that she did not make written application for such college entrance diploma on or before the 15th of July, 1916, as required by the regents' rules.

There is no dispute about the facts.   It appears that the regents of the university on May 18, 1916, amended their rules (section 339-f) relating to college entrance diplomas by providing that such diplomas " will be given only to pupils of the registered secondary schools of this state who make written application for such diplomas by the fifteenth of the month of July, next succeeding the completion   *   *   *   of at least four full school years of time " and who have earned under regents' examinations the average standing required by the rule.

By chapter 292 of the Laws of 1913, which added sections 70 to 77 inclusive to article 3 of the Education Law (Laws of 1910, chap. 140), state scholarships were established in the several counties of the state and

provision was made for awarding five such scholarships for each assembly district in each county annually, which scholarships shall entitle each holder thereof to the sum of $100 for each year in which he is in attendance upon an approved college in the state during the period of four years.

Section 72 thus added to the Education Law provides that the regents shall make rules governing the award of such scholarships and the issuance of certificates entitling persons to the benefits thereof and providing generally for carrying into effect the provisions of the law and it is provided in express terms that: " Such rules shall be in conformity with this act and shall have the force and effect of a statute." It was pursuant to this legislative authority to the regents to make rules, that the rule contained in section 339-f was made and thereafter amended as above stated in May, 1916.

I am unable to find any respect in which this rule does not conform to the statute nor am I able to see where the rule conflicts in any way with the statute. The necessity for imposing a time limit upon applications for college entrance diplomas was sufficient to induce the regents to adopt the rule and it is not for the court to consider the reasonableness of a rule with respect to a purely administrative matter which the regents had power under the law to make. To do that would simply be the substitution of the judgment of the court for that of the regents.

It is a well-settled rule that the courts will not examine into the wisdom or reasonableness of a statute passed by the legislature within the scope of its constitutional powers. *People ex rel. Wood* v. *Draper,* 15 N. Y. 532, 545.

The same principle applies to a case where the legislature has, as here, conferred upon another public

body the power to legislate or make rules upon a particular subject. *People ex rel. Hotchkiss* v. *Board of Supervisors of Broome County,* 65 N. Y. 222; *People ex rel. O'Connor* v. *Board of Supervisors of Queens County,* 153 id. 370; *People ex rel Wakely* v. *McIntyre,* 154 id. 628.

The petitioner's daughter passed her examinations on her graduation from high school with such an average standing as to show that she was qualified for admission to college but that was not sufficient to entitle her to the state scholarship. Under section 73, subdivision 1, of the Education Law, the commissioner of education could place on the list of names of pupils for this privilege only those pupils " who become entitled to college entrance diplomas *under regents' rules."* So also, under subdivision 3 of the same section, the commissioner is required to award these scholarships annually in the month of August to those pupils " who become entitled to college entrance diplomas, *under regents' rules."*

It appears that the full quota of state scholarships to which Jefferson county is entitled for the year in question has been awarded to other pupils residing there who complied with the rules of the regents.

Soon after the amended rule was adopted, notice thereof was given, among others, to the principal of the Watertown High School where the petitioner's daughter was a pupil and he in turn gave notice of the rule at a meeting of his pupils and also had it properly posted upon the school bulletin board but, as she claims, the notice did not in fact come to her attention. Whether it did or not, the fact is she failed to comply with its conditions and did not make written application for a diploma within the time required thereby. The rule having the force of a statute, a case is not

presented which will justify the court in granting the writ sought for in this proceeding. The application is therefore denied, without costs.

Application denied, without costs.